THOMAS POWELL *v.* JOHN KELLAR.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.
*C. M. Jones* and *Benjamin,* for the plaintiff.
*Conklin* and *Hoffman,* for the appellant.

GARLAND, J. This suit was instituted to recover the sum of $19,135 29, which the plaintiff alleges to be owing to him, as a balance in his favor, on a settlement of accounts made on the 3d of April, 1839, and for various sums advanced and paid for the defendant's use and benefit since that period, and for the amount of several promissory notes held by him, (the plaintiff,) drawn or endorsed by the defendant individually, or as a member of the late firm of Kellar & Williams ; all of which are set forth in the petition in specific allegations. The answer, after a general denial, charges that the settlement relied on was entered into by the defendant in ignorance of his rights, and was procured by the fraud of the plaintiff; and further denies any indebtedness in any manner.

The plaintiff gave in evidence the notes described in the petition, and the settled account, to show the errors and overcharges ; in opposition to which, the defendant presented a mass of testimony relating to many transactions between them, and between the plaintiff and the late firm of Kellar & Williams. It appears that in 1836, Kellar & Williams instituted cross actions, for the purpose of settling their partnership affairs ; and that, pending the suits, the plaintiff, by consent of parties, was appointed a receiver of the debts due to them ; that he collected about $12,000, and paid many debts owing by that firm. He was called on for an account of the funds, by a rule in the District Court, where the suits of Kellar & Williams were pending, and accordingly pre-

sented an account, which was opposed, and all his offsets or payments rejected, from which judgment he appealed, and was relieved by this court. See 3 Robinson, 321, where all the facts are fully stated. Whilst that appeal was pending, the plaintiff withdrew some of the notes he had pleaded in compensation, and which he then said were taken up with the funds of Kellar & Williams, and included them in this suit. This fact appeared to our satisfaction, when the record in the case of *Powell* v. *Kellar & Williams*, decided in June, 1843, was before us; but we could not grant the necessary relief in the form in which the case was then presented. Before the appeal of Powell in the case of Kellar & Williams was decided, the judgment now before us was rendered, and includes some of the notes paid with the money of the drawers, as is shown by the account rendered by the plaintiff as receiver. For instance, the sum of $4000, with interest and costs of protest, is claimed as being due on two mortgage notes given to Joshua Baldwin, which a reference to the account rendered as receiver in the District Court, shows were there charged to Kellar & Williams. The amount of a note for $1196 60 drawn by Sarah Baum, payable to Kellar, and endorsed by him, is also claimed; and it is shown, that Powell is, or was, the legal representative of her estate, and that he has a large amount belonging to it in his hands. When we refer to the settlement made on the 3d of April, 1839, we see that it is made up of extravagant charges for commissions, for endorsing, and becoming surety on appeal and attachment bonds, in some of which Powell had an interest himself, and of other items not sanctioned by law. The various transactions to which the plaintiff and defendant were parties with Williams and others, have been mingled in a manner calculated to confuse and mislead any tribunal; it is therefore not surprising that the jury found a verdict for the plaintiff. We think it erroneous in several particulars, and will endeavor to get at the justice of the case by remanding it for a new trial.

It is, therefore, ordered, that the judgment of the Commercial Court be annulled, the verdict set aside, and the cause remanded for a new trial, to be proceeded in according to law; the plaintiff paying the costs of this appeal.